NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-135

M.A.

vs.

C.J.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties are the never-married parents of a child born in February 2020. The defendant (mother) appeals from a judgment finding her in contempt and modifying the parties' custody arrangement. We affirm.

Background. The parties have joint legal custody with shared physical custody of their child pursuant to two orders/decrees issued by a judge of the Rhode Island Family Court dated December 27, 2022, and February 23, 2023. Pursuant to those orders, the parties "have 50/50 placement, with primary placement with the mother for education and support services" during the week due to her living in Cambridge, where the child

attends school and receives services. The father generally has the child on the weekends and certain holidays and vacations.

In 2024, at the end of the regular school year, the father took the child for two weeks that were not his scheduled two weeks. The mother filed an emergency motion for custody that resulted in a judge's ordering, on July 9, 2024, "Child has been returned to Mother. Standard schedule shall resume." The judge further ordered that, because the father unilaterally and wrongfully took his two weeks of vacation time, and therefore had his allotted summer vacation time, he had his two weeks and would not have further vacation time with the child that summer. The mother subsequently did not allow the father any parenting time during August 2024.

In February 2024, the father filed a complaint for modification in the Massachusetts Probate and Family Court. Falsely asserting that he had sole custody under two different Rhode Island orders, the father sought sole custody. In September 2024, the father filed a complaint for contempt, which was consolidated with the complaint for modification and tried. The trial judge found the mother guilty of contempt for not allowing the father his parenting time in August 2024 pursuant to the standard schedule and ordered the parties to maintain

2

shared legal and physical custody of the child, with some modifications to the holiday and vacation schedule.

Discussion. 1. Contempt. Civil contempt requires "a clear and undoubted disobedience of a clear and unequivocal command." Sax v. Sax, 53 Mass. App. Ct. 765, 771 (2002), quoting United Factory Outlet, Inc. v. Jay's Stores, Inc., 361 Mass. 35, 36 (1972). "The complainant must prove his case by a preponderance of the evidence." L.F. v. L.J., 71 Mass. App. Ct. 813, 821 (2008). "Due [p]rocess requires that a . . . [defendant] must be given notice of the charges against [her] prior to a hearing" for civil contempt (citation omitted). Sodones v. Sodones, 366 Mass. 121, 128 (1974). We review the finding of contempt for abuse of discretion, reversing only if the judge's decision is one "that no conscientious judge, acting intelligently, could honestly have taken" (citation omitted). L.F., supra.

The mother contends that she was not given adequate notice of the basis for the contempt charges against her and that the orders on the custody arrangement were ambiguous. We are unpersuaded. The father's complaint for contempt identified the August dates he was denied his parenting time. The mother appeared at the hearing and engaged in a substantive back-and-forth with the trial judge on her interpretation of the July 9,

3

2024 order and her explanation for denying the father his August parenting time. "On these facts we conclude that the [mother] had adequate notice" that she was charged with denying the father his parenting time in August 2024 pursuant to the July 9, 2024 order, and that "[she] has waived the deficiencies, if any, in such notice." Sodones, 366 Mass. at 129. The July 9, 2024 order clearly stated that the "Standard schedule shall resume," and the trial judge did not abuse his discretion in concluding that the mother violated that order by denying the father his standard parenting time in August. See L.F., 781 Mass. App. Ct. at 821.

2. Modification. Modification of a child custody arrangement is appropriate where the court finds "a material and substantial change in circumstances has occurred to warrant a change in custody, and that change is in the child's best interest." E.K. v. S.C., 97 Mass. App. Ct. 403, 408 (2020). "In custody matters, the touchstone inquiry [is] . . . what is best for the child" (citation omitted). Id. "The best interests analysis is a child-centered one that focuses on the specific needs and interests of a child and how these might best be met" (citation omitted). Id. We review the trial judge's decision for abuse of discretion or clear error of law and defer to the judge's factual findings "absent a showing that they are

4

plainly wrong or clearly erroneous."  Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).  "The judge is afforded considerable freedom to identify pertinent factors in assessing the welfare of the child and weigh them as [he] sees fit" (citation omitted).  Malachi M. v. Quintina Q., 483 Mass. 725, 740 (2019).

The mother asserts that the trial judge erred by failing to consider the history of domestic abuse by the father, the parties' inability to co-parent due to their poor communication, and issues arising from the father's alleged housing arrangement.  We discern no such error.  After a hearing with both parties, the trial judge determined that "no credible evidence was presented by either party that the current schedule has been adversely impacting the child and/or that is in the best interests of the child to change the schedule" or award either party sole custody.  The factual finding regarding the impact on the child was made after considering the abuse prevention order that has been in place since joint legal custody was ordered and the parties' substantial communication issues and was not clearly erroneous.  See Malachi M., 483 Mass. at 739-740.  We do not consider the mother's contentions with respect to the father's alleged housing arrangement because they

5

were not raised below and "cannot be argued for the first time on appeal."  See Boss v. Leverett, 484. Mass. 553, 563 (2020).

Similarly, the trial judge's ultimate ruling that because the parties "do not communicate well with one another" and "neither like nor respect one another," "it [was] in the best interests of the child that the parenting schedule including holidays and vacations be clearly set forth, and, therefore, modified" was grounded in the facts and within his discretion.  See Malachi M., 483 Mass. at 740.

Judgment dated December 4, 2024, affirmed.

By the Court (Desmond, Hershfang & Brennan, JJ.[1]),

Paul Little

Clerk

Entered:  June 1, 2026.

---

[1] The panelists are listed in order of seniority.